RECEIVED
Dec 08 2008
DEC 0 8 2008 T C
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA J. GILLARD :

Plaintiff, *pro se* :

v. :

08CV6996
JUDGE HIBBLER
MAGISTRATE JUDGE SCHENKIER

CITY COLLEGES OF CHICAGO, :

Defendant.

**Complaint for Damages for Violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), Title II of the Civil Rights Act of 1964, and the Civil Rights Act of 1991**

Plaintiff Ms. Lisa J. Gillard, by and through the assistance of the Self-help Desk Staff Attorney, for her complaint against Defendant City Colleges of Chicago alleges and states as follows:

**Introduction**

1.Plaintiff Lisa J. Gillard (hereafter "Plaintiff") is an Afro African American female citizen with a mental handicap that affects her comprehensive reading skills (e. g. test-taking abilities without special accommodations). On or about August 2007, Plaintiff was rehired to teach one ENGL 101/197 cohort course in the English/Speech Department at Defendant's Harold Washington College (hereafter "Defendant" or "College") as Adjunct Faculty for the fall semester. On or about September 2007, Plaintiff was harassed by an employee near the 6th floor elevators. Plaintiff contacted the Assistant Dean of Instruction, and she immediately filed a workplace harassment complaint. After this initial incident, Plaintiff was told by an employee that "you will not be rehired, if you continue to write people up."

On or about October 2007, Plaintiff's court documents were stolen from her briefcase by an employee while she attended the Opening President's Address. Plaintiff reported this incident to an employee in the English/Speech and HR Departments. Plaintiff was told to file a complaint with the College's Campus Security Office. Later in October, Plaintiff received an open email by an employee stating that her charity and religious beliefs in the English/Speech Department were no longer welcomed. In fact, Plaintiff's charity and religious beliefs were perceived as a sexual orientation gesture by this employee. After this incident, Plaintiff was reminded by an employee in the English/Speech Department that "if you file a complaint, they will not rehire you." On or about mid-October to November 2007, adjunct faculty and new adjunct faculty members received new employment contracts for teaching assignments for the spring term. Plaintiff was excluded from this rehiring process, and she sought employment opportunities throughout the college, and in the Office of the Vice Chancellor of Academic Affairs at the District Office.

On or about November 2007, Plaintiff was told by an employee in the English/Speech Department that her teaching employment contract has been terminated effective at the end of the fall semester. Because Plaintiff taught English, Literature, and Writing for nearly sixteen years, Plaintiff demanded a reasonable explanation for this termination notice and unfair treatment by Defendant. On or about December 2007, Plaintiff sought a legal reason for her termination notice and unfair treatment from the Dean of Instruction and Vice President at the College. Plaintiff was told by the Dean of Instruction to file a complaint with the Defendant's District Office for questions on hiring and rehiring practices.

On or about mid-December 2007, Plaintiff filed a complaint with Defendant's E. E. O. C.

Department at the District Office, and she was immediately interviewed by an investigator. A notice was given to Defendant's Vice President at the College, Vice Chancellor of Academic Affairs, and Associate Chancellor of Academic Affairs at the District Office. After this notice was given, Plaintiff was immediately banned from the Defendant's college campus facilities without a legal notice, or legal justification of any legal violation at these facilities.

On or about January 2008, Plaintiff was made known of her banning from Defendant's facilities when she attempted to pick up her paycheck. Upon Plaintiff's report of her banning to the Director of E. E. O. C. District Office, the unlawful ban was immediately lifted. Plaintiff then was able to use the public facilities, and pick up her remaining paycheck. A filing on this complaint was taken up with the Illinois Department of Human Rights ("IDHR") within 180 days of the initial incident.

As a result of this, Plaintiff now brings this suit for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), Age Discrimination in Employment Act of 1967 ("ADEA"), Title II of the Civil Rights Act of 1964 ("Title II"), and Civil Rights Act of 1991.

**Parties**

2. Plaintiff is an Afro African American female citizen of the State of Illinois and resides within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division.

3. On information and belief, City Colleges of Chicago (hereafter "Defendant" or College") exists in and does business within the territorial limits of the United States District Court for the Northern District of Illinois, Eastern Division.

**Jurisdiction**

4. This action is brought for violations of Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act, Title II of the Civil Rights Act of 1964, and Civil Rights Act of 1991. Jurisdiction of this Court is founded upon 28 U. S. C., Section 1331.

5. Venue is proper in this Court pursuant to 28 U. S. C., Section 1331 after a notice of complaint and closure was filed at the Illinois Department of Human Rights ("IDHR") within 180 days of these incidents.

**Events**

6. Plaintiff was terminated from employment at Defendant's College based on her race, sex, age, religion, ("perceived") sexual orientation with retaliation on or about December 2007, after filing workplace harassment complaints at the College, without any prior history or legal notice of poor work performance or improper conduct.

7. Plaintiff was banned from Defendant's public facilities based on her race, sex, age, religion, ("perceived") sexual orientation with retaliation on or about December 2007, after filing an E. E. O. C. complaint at the District, without a legal notice or legal written violation on any legal violation on these premises.

**Count I**

**Demand for Remedy and Restitution for Violations of Title VII of the Civil Rights Act of 1964**

8. By virtue of the foregoing, Defendant violated Title VII of the Civil Rights Act of 1964 by denying Plaintiff an equal employment opportunity at City Colleges of Chicago.

9. Defendant violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 because of her race, sex, religion, ("perceived") sexual orientation, and retaliation by denying her

an equal opportunity of employment, and codifying the disparate impact theory on discrimination, when violating her civil and human rights upon her unlawful termination.

10. As a result of these violations, Plaintiff's education, legal, scholarly, and creative research and writing projects have been harmed and interfered with.

11. As a result of these violations, Plaintiffs personal employment and organizational contract options have been harmed and interfered with limitations and inconvenience.

12. As a result of these violations, Plaintiff's personal health care including general health care services and mental health care services have been harmed and interfered with.

13. As a result of these violations, Plaintiff has suffered anxieties, mental anguish, distress, and loss of sleep due to intentional and willful acts of discrimination by College.

14. As a result of these violations, Plaintiff's personal and professional finances and economic viability for her nonprofit organization, and her person have been severely harmed and interfered with in her home, her office space, and in her life, overall.

15. As a result of these violations, Plaintiff's dignity and integrity have been harmed because of this intentional, willful, and blatant disregard to her Civil Rights and Human Rights by these discriminatory acts by the College.

16. As a result of these violations, Plaintiff is entitled to remedy and restitution in the combined amount of $3, 000,000.

**Count II**

**Demand for Remedy and Restitution for Violations of Age Discrimination in Employment Act**

17. By virtue of the foregoing, Defendant violated Age Discrimination in Employment Act ("ADEA") by denying Plaintiff an equal employment opportunity at the City College of

Chicago.

18. Defendant violated Plaintiff's rights under ADEA because of her age, and by retaliating and subsequently, denying her an equal opportunity of employment by codifying the disparate impact theory on discrimination, when violating her civil and human rights upon her unlawful termination.

19. As a result of these violations, Plaintiff's education, legal, scholarly, and creative research and writing projects have been harmed and interfered with.

20. As a result of these violations, Plaintiff's personal employment and organizational contract options have been harmed and interfered with limitations and inconvenience.

21. As a result of these violations, Plaintiff's personal health care including general health care services and mental health care services have been harmed and interfered with.

22. As a result of these violations, Plaintiff has suffered anxieties, mental anguish, distress, and loss of sleep due to intentional and willful acts of discrimination by College.

23. As a result of these violations, Plaintiff's personal and professional finances and economic viability for her nonprofit organization, and her person have been severely harmed and interfered with in her home, her office space, and in her life, overall.

24. As a result of these violations, Plaintiff's dignity and integrity have been harmed because of this intentional, willful, and blatant disregard to her Civil Rights and Human Rights by these discriminatory acts by the College.

25. As a result of these violations, Plaintiff is entitled to remedy and restitution in the combined amount of $3,000,000.

**Count III**

**Demand for Remedy and Restitution for Violations of Title II of the Civil Rights Act of 1964**

26. By virtue of the foregoing, Defendant violated Title II of the Civil Rights Act of 1964 by denying Plaintiff the full use and enjoyment of the College's public facilities.

27. Defendant violated Plaintiff's rights under Title II of the Civil Rights Act of 1964 because of her race, sex, religion, ("perceived") sexual orientation, and retaliation by denying her the full use and enjoyment of the College's public facilities, and codifying the disparate impact theory on discrimination, when violating her civil and human rights upon her unlawful banning of the Colleges premises without a legal notice or legal warning of any legal violation.

28. As a result of these violations, Plaintiff's education, legal, scholarly, and creative research and writing projects have been harmed and interfered with.

29. As a result of these violations, Plaintiff's personal employment and organizational contract options have been harmed and interfered with limitations and inconvenience.

30. As a result of these violations, Plaintiff's personal health care including general health care services and mental health care services have been harmed and interfered with.

31. As a result of these violations, Plaintiff has suffered anxieties, mental anguish, distress, and loss of sleep due to intentional and willful acts of discrimination by College.

32. As a result of these violations, Plaintiff's personal and professional finances and economic viability for her nonprofit organization, and her person have been severely harmed and interfered with in her home, her office space, and in her life, overall.

33. As a result of these violations, Plaintiff's dignity and integrity have been harmed because of this intentional, willful, and blatant disregard to her Civil Rights and Human Rights

by these discriminatory acts by the College.

34. As a result of these violations, Plaintiff is entitled to remedy and restitution in the combined amount of $3,000,000.

**Count IV**

**Demand for Remedy and Restitution for Violations of the Civil Rights Act of 1991**

35. By virtue of the foregoing, Defendant violated the Civil Rights Act of 1991 by denying Plaintiff an equal employment opportunity at City Colleges of Chicago.

36. Defendant violated Plaintiff's rights under the Civil Rights Act of 1991 because of her race, sex, religion, ("perceived") sexual orientation, and retaliation by denying her an equal opportunity of employment, and codifying the disparate impact theory on discrimination, when violating her civil and human rights upon her unlawful termination.

37. As a result of these violations, Plaintiff's education, legal, scholarly, and creative research and writing projects have been harmed and interfered with.

38. As a result of these violations, Plaintiff's personal employment and organizational contract options have been harmed and interfered with limitations and inconvenience.

39. As a result of these violations, Plaintiff's personal health care including general health care services and mental health care services have been harmed and interfered with.

40. As a result of these violations, Plaintiff has suffered anxieties, mental anguish, distress, and loss of sleep due to intentional and willful acts of discrimination by College.

41. As a result of these violations, Plaintiff's personal and professional finances and economic viability for her nonprofit organization, and her person have been severely harmed and interfered with in her home, her office space, and in her life, overall.

42. As a result of these violations, Plaintiff's dignity and integrity have been harmed because of this intentional, willful, and blatant disregard to her Civil Rights and Human Rights by these discriminatory acts by the College.

43. As a result of these violations, Plaintiff is entitled to remedy and restitution in the combined amount of $3,000,000.

**PLAINTIFF DEMANDS A TRIAL**

Respectfully submitted,
Lisa J. Gillard

Dated: 12/08/2008

Plaintiff, *pro se*
P. O. Box 805993
Chicago, Illinois 60680-4121
Tel.: 1-312-316-4837
Email: the_gillardinstitute_inc@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LISA J. GILLARD :
Plaintiff, *pro se* :

v. :

CITY COLLEGES OF CHICAGO, :

Defendant. :

---

CERTIFICATE OF SERVICE

---

To: Ms. Melissa Reardon Henry (No.: 19203)
Office of General Counsel
City Colleges of Chicago
226 W. Jackson Blvd., 14th Floor
Chicago, Illinois 60606
Tel.: 1-312-553-2537
Fax: 1-312-553-2539

PLEASE TAKE NOTICE that on Monday, December 8, 2008, on or before 4:30 p. m., this Certificate of Service on a Filing of Complaint shall be given to the Defendant City Colleges of Chicago to the above mentioned counsel, via U. S. Postal service, and the Clerk of United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604.

Dated: 12/08/2008

Signature [signature]
Lisa J. Gillard
Plaintiff, *pro se*
P. O. Box 805993
Chicago, Illinois 60680-4121
Tel.: 1-312-316-4837
Email: the_gillardinstitute_inc@yahoo.com

ILLINOIS DEPARTMENT OF
Human Rights
COMMEMORATING 25 YEARS OF SERVICE

ROD BLAGOJEVICH, GOVERNOR
ROCCO CLAPS, DIRECTOR

Equal Employment Opportunity Commission
500 West Madison
28th Floor
Chicago, Illinois 60605

ATTN: State and Local Unit

I am withdrawing Charge Number 2008CA2659 from the Illinois Department of Human Rights and hereby request a Right to Sue Notice from EEOC on the following charge:

EEOC Number: 21BA81538

Complainant: Lisa J. Gillard

Respondent: City Colleges of Chicago

Complainant's Signature [signature]

Date 12-08-2008

#6B
11/93

100 West Randolph Street, J. R. Thompson Center, Suite 10-100, Chicago, Illinois 60601, 312-814-6200, 312-263-1579 (TDD)

**VOLUNTARY WITHDRAWAL REQUEST FORM**

RESPONDENT: City Colleges of Chicago

COMPLAINANT: Lisa J. Gillard

I hereby request to withdraw my charge filed against the above named Respondent with the Illinois Department of Human Rights (2008CA2659). Withdrawal is being made of my own free will, without pressure from any organization or individual.

**If** I am withdrawing this charge because I have reached a settlement with the Respondent, which has not been approved by both the Department and the Human Rights Commission, those agencies cannot enforce that settlement.

[signature]
Signature

12-08-2008
Date

#6
02/01

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#08W0311-12 | AGENCY<br>☒ IDHR<br>☐ EEOC | CHARGE NUMBER<br>2008CA2659 |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.) | | HOME TELEPHONE (include area code) |
|---|---|---|
| Ms. Lisa J. Gillard | | (312) 316-4837 |
| STREET ADDRESS<br>P.O. Box 805993 | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60680 | DATE OF BIRTH<br>01/22/67 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code) |
|---|---|---|
| City Colleges of Chicago | | (312) 553-2639 |
| STREET ADDRESS<br>30 East Lake Street | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60601 | COUNTY<br>Cook (031) |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| Race Age Sex Religion Retaliation<br>Perceived Sexual Orientation | 11/21/07<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I. A. ISSUE/BASIS

DISCHARGE, ON OR ABOUT NOVEMBER 21, 2007, BECAUSE OF MY RACE, BLACK.

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as an English Instructor at Respondent's Harold Washington College, and have been employed with Respondent since August 27, 2007.

(Continued)

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 28 DAY OF March, 2008

[signature]

NOTARY SIGNATURE

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 9/21/09

NOTARY SEAL

x [signature] 03-28-08

SIGNATURE OF COMPLAINANT DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

FORM 5 (5/05)

3. On or about November 21, 2007, I was discharged by Matt Usner (non-black), Respondent's English Department Co-Chair Person. Usner stated that I was being discharged because I filed earlier complaints of discrimination against the Respondent.

4. I believe that there have been other, similarly situated, non-black instructors, such as David Whiteis and others, who have levels of work performance and seniority similar to mine, and they were not discharged as I was.

II. A. ISSUE/BASIS

DISCHARGE, ON OR ABOUT NOVEMBER 21, 2007, BECAUSE OF MY AGE, 41.

B. PRIMA FACIE ALLEGATIONS

1. I am 41 years of age.

2. I have satisfactorily performed my duties as an English Instructor at Respondent's Harold Washington College, and have been employed with Respondent since August 27, 2007.

3. On or about November 21, 2007, I was discharged by Matt Usner (age unknown), Respondent's English Department Co-Chair Person. Usner stated that I was being discharged because I filed earlier complaints of discrimination against the Respondent.

4. I believe that there have been other, similarly situated individuals, such as David Whiteis and others, who are younger than age 40, who have levels of work performance and seniority similar to mine, and they were not discharged as I was.

(Continued)

**III. A. ISSUE/BASIS**

DISCHARGE, ON OR ABOUT NOVEMBER 21, 2007, BECAUSE OF MY SEX, FEMALE.

**B. PRIMA FACIE ALLEGATIONS**

1. My sex is female.

2. I have satisfactorily performed my duties as an English Instructor at Respondent's Harold Washington College, and have been employed with Respondent since August 27, 2007.

3. On or about November 21, 2007, I was discharged by Matt Usner (male), Respondent's English Department Co-Chair Person. Usner stated that I was being discharged because I filed earlier complaints of discrimination against the Respondent.

4. I believe that there have been other, similarly situated, male instructors, such as David Whiteis and others, who have levels of work performance and seniority similar to mine, and they were not discharged as I was.

**IV. A. ISSUE/BASIS**

DISCHARGE, ON OR ABOUT NOVEMBER 21, 2007, BECAUSE OF MY RELIGION, BUDDHISM.

**B. PRIMA FACIE ALLEGATIONS**

1. I am a follower and practitioner of the Buddhist religion.

2. I have satisfactorily performed my duties as an English Instructor at Respondent's Harold Washington College, and have been employed with Respondent since August 27, 2007.

3. On or about November 21, 2007, I was discharged by Matt Usner (non-Buddhist), Respondent's English Department Co-Chair Person. Usner stated that I was being discharged because I filed earlier complaints of discrimination against the Respondent.

(Continued)

4. **I believe that there have been other, similarly situated, non-Buddhist instructors, such as David Whiteis and others, who have levels of work performance and seniority similar to mine, and they were not discharged as I was.**

**V. A. ISSUE/BASIS**

**DISCHARGE, ON OR ABOUT NOVEMBER 21, 2007, BECAUSE OF RESPONDENT'S PERCEPTION OF MY SEXUAL ORIENTATION.**

**B. PRIMA FACIE ALLEGATIONS**

1. **Respondent perceives that my sexual orientation is as a homosexual.**

2. **I have satisfactorily performed my duties as an English Instructor at Respondent's Harold Washington College, and have been employed with Respondent since August 27, 2007.**

3. **On or about November 21, 2007, I was discharged by Matt Usner (heterosexual), Respondent's English Department Co-Chair Person. Usner stated that I was being discharged because I filed earlier complaints of discrimination against the Respondent.**

4. **I believe that there have been other, similarly situated, heterosexual instructors, such as David Whiteis and others, who have levels of work performance and seniority similar to mine, and they were not discharged as I was.**

**VI. A. ISSUE/BASIS**

**DISCHARGE, ON OR ABOUT NOVEMBER 21, 2007, IN RETALIATION FOR HAVING COMPLAINED ABOUT DISCRIMINATION IN RESPONDENT'S WORKPLACE.**

**B. PRIMA FACIE ALLEGATIONS**

1. **Beginning on or about September 17, 2007 and continuing through November 21, 2007, I engaged in a protected activity when I complained to Danielle Kerry, Respondent's Human Resources Representative, that I was experiencing race, sex, and age discrimination within Respondent's workplace.**

**(Continued)**

Case: 1:08-cv-06996 Document #: 1 Filed: 12/08/08 Page 17 of 26 PageID #:17



2. **On or about November 21, 2007, I was discharged by Matt Usner, Respondent's English Department Co-Chair Person. Usner stated that I was being discharged because I filed earlier complaints of discrimination against the Respondent.**

3. **Respondent's adverse actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.**

**ACF/JJT/RCG**

# VOLUNTARY WITHDRAWAL REQUEST FORM

RESPONDENT: City Colleges of Chicago

COMPLAINANT: Lisa J. Gillard

I hereby request to withdraw my charge filed against the above named Respondent with the Illinois Department of Human Rights (2008CP2660). Withdrawal is being made of my own free will, without pressure from any organization or individual.

**If** I am withdrawing this charge because I have reached a settlement with the Respondent, which has not been approved by both the Department and the Human Rights Commission, those agencies cannot enforce that settlement.

[signature]
Signature

12-08-2008
Date

#6
02/01

STATE OF ILLINOIS
ILLINOIS DEPARTMENT OF HUMAN RIGHTS

CHICAGO OFFICE
100 WEST RANDOLPH STREET
SUITE 10-100 INTAKE UNIT
CHICAGO, ILLINOIS 60601
(312) 814-6200
(312) 814-1579 TDD

SPRINGFIELD OFFICE
DEPARTMENT OF HUMAN RIGHTS
222 SOUTH COLLEGE, ROOM 101
SPRINGFIELD, ILLINOIS 62704
(217) 785-5100
(217) 785-5125 TDD

CHARGE NO: 2008CP2660
PUBLIC ACCOMMODATION
CHARGE OF DISCRIMINATION

I, Lisa J. Gillard, P.O. Box 805993, Chicago, Illinois 60680-4121, (312) 316-4837, believe that I have been personally aggrieved by a civil rights violation committed on or about January 4, 2008 and on about January 16, 2008 , by:

RESPONDENT

City Colleges of Chicago
226 West Jackson Boulevard
Chicago, Illinois 60606
(312) 553-2639

The particulars of the alleged civil rights violation are as follows:

I. ISSUE/BASIS

DENIED THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITIES, ON OR ABOUT JANUARY 4, 2008, AND AGAIN ON JANUARY 16, 2008, BECAUSE OF MY RACE, BLACK.

II. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. Respondent is defined as a place of public accommodation under Section 5-101(A) of the Human Rights Act.

(Continued)

3. On or about January 4, 2008 and again on January 16, 2008, I was denied the full and equal enjoyment of accessibility to two of Respondent's facilities, the Central Offices for the City Colleges of Chicago and the Harold Washington College. During this period of time, on or about January 4, 2008, I sought to enter the Harold Washington College to retrieve personal items which were left there in December of 2007. Upon entering the facility, I was escorted from the premises by David Rozell (black), Respondent's Security Officer. Rozell stated that I had been banned from the facility, but failed to give me any documents acknowledging why.

4. On or about January 16, 2008, I again sought access to Respondent's Central Office facility to find out why I was being banned from Respondent's facility, but I was again turned away by Officer Lee (first name unknown), Respondent's Security Officer. Lee also stated that I was being banned from Respondent's facility, yet no reason or documentation was received from any of Respondent's representatives as to why I had been banned from their facilities.

5. I believe that there have been other, similarly situated, non-black individuals, who have sought to enter Respondent's premises and enjoy their use, and they were not banned from Respondent's facilities as I have been.

II. A. ISSUE/BASIS

DENIED THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITIES, ON OR ABOUT JANUARY 4, 2008, AND AGAIN ON JANUARY 16, 2008, BECAUSE OF MY AGE, 41.

B. PRIMA FACIE ALLEGATIONS

1. I am 41 years of age.

2. Respondent is defined as a place of public accommodation under Section 5-101(A) of the Human Rights Act.

(Continued)

3. On or about January 4, 2008 and again on January 16, 2008, I was denied the full and equal enjoyment of accessibility to two of Respondent's facilities, the Central Offices for the City Colleges of Chicago and the Harold Washington College. During this period of time, on or about January 4, 2008, I sought to enter the Harold Washington College to retrieve personal items which were left there in December of 2007. Upon entering the facility, I was escorted from the premises by David Rozell (50's), Respondent's Security Officer. Rozell stated that I had been banned from the facility, but failed to give me any documents acknowledging why.

4. On or about January 16, 2008, I again sought access to Respondent's Central Office facility to find out why I was being banned from Respondent's facility, but I was again turned away by Officer Lee (first name unknown, 40's), Respondent's Security Officer. Lee also stated that I was being banned from Respondent's facility, yet no reason or documentation was received from any of Respondent's representatives as to why I had been banned from their facilities.

5. I believe that there have been other, similarly situated individuals, under age 40, who have sought to enter Respondent's premises and enjoy their use, and they were not banned from Respondent's facilities as I have been.

**III. A. ISSUE/BASIS**

**DENIED THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITIES, ON OR ABOUT JANUARY 4, 2008, AND AGAIN ON JANUARY 16, 2008, BECAUSE OF MY SEX, FEMALE.**

**B. PRIMA FACIE ALLEGATIONS**

1. My sex is female.

2. Respondent is defined as a place of public accommodation under Section 5-101(A) of the Human Rights Act.

(Continued)

3. On or about January 4, 2008 and again on January 16, 2008, I was denied the full and equal enjoyment of accessibility to two of Respondent's facilities, the Central Offices for the City Colleges of Chicago and the Harold Washington College. During this period of time, on or about January 4, 2008, I sought to enter the Harold Washington College to retrieve personal items which were left there in December of 2007. Upon entering the facility, I was escorted from the premises by David Rozell (male), Respondent's Security Officer. Rozell stated that I had been banned from the facility, but failed to give me any documents acknowledging why.

4. On or about January 16, 2008, I again sought access to Respondent's Central Office facility to find out why I was being banned from Respondent's facility, but I was again turned away by Officer Lee (first name unknown, female), Respondent's Security Officer. Lee also stated that I was being banned from Respondent's facility, yet no reason or documentation was received from any of Respondent's representatives as to why I had been banned from their facilities.

5. I believe that there have been other, similarly situated, male individuals, who have sought to enter Respondent's premises and enjoy their use, and they were not banned from Respondent's facilities as I have been.

**IV. A. ISSUE/BASIS**

**DENIED THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITIES, ON OR ABOUT JANUARY 4, 2008, AND AGAIN ON JANUARY 16, 2008, BECAUSE OF RESPONDENT'S PERCEPTION OF MY SEXUAL ORIENTATION, HOMOSEXUAL.**

**B. PRIMA FACIE ALLEGATIONS**

1. Respondent erroneously perceives me as a homosexual.

2. Respondent is defined as a place of public accommodation under Section 5-101(A) of the Human Rights Act.

(Continued)

3. On or about January 4, 2008 and again on January 16, 2008, I was denied the full and equal enjoyment of accessibility to two of Respondent's facilities, the Central Offices for the City Colleges of Chicago and the Harold Washington College. During this period of time, on or about January 4, 2008, I sought to enter the Harold Washington College to retrieve personal items which were left there in December of 2007. Upon entering the facility, I was escorted from the premises by David Rozell (heterosexual), Respondent's Security Officer. Rozell stated that I had been banned from the facility, but failed to give me any documents acknowledging why.

4. On or about January 16, 2008, I again sought access to Respondent's Central Office facility to find out why I was being banned from Respondent's facility, but I was again turned away by Officer Lee (first name unknown, heterosexual), Respondent's Security Officer. Lee also stated that I was being banned from Respondent's facility, yet no reason or documentation was received from any of Respondent's representatives as to why I had been banned from their facilities.

5. I believe that there have been other, similarly situated, heterosexual individuals, who have sought to enter Respondent's premises and enjoy their use, and they were not banned from Respondent's facilities as I have been.

V. A. ISSUE/BASIS

DENIED THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITIES, ON OR ABOUT JANUARY 4, 2008, AND AGAIN ON JANUARY 16, 2008, BECAUSE OF MY RELIGION, BUDDHISM.

B. PRIMA FACIE ALLEGATIONS

1. I am a practitioner and follower of the Buddhist religion.

2. Respondent is defined as a place of public accommodation under Section 5-101(A) of the Human Rights Act.

(Continued)

3. On or about January 4, 2008 and again on January 16, 2008, I was denied the full and equal enjoyment of accessibility to two of Respondent's facilities, the Central Offices for the City Colleges of Chicago and the Harold Washington College. During this period of time, on or about January 4, 2008, I sought to enter the Harold Washington College to retrieve personal items which were left there in December of 2007. Upon entering the facility, I was escorted from the premises by David Rozell (non-Buddhist), Respondent's Security Officer. Rozell stated that I had been banned from the facility, but failed to give me any documents acknowledging why.

4. On or about January 16, 2008, I again sought access to Respondent's Central Office facility to find out why I was being banned from Respondent's facility, but I was again turned away by Officer Lee (first name unknown, non-Buddhist), Respondent's Security Officer. Lee also stated that I was being banned from Respondent's facility, yet no reason or documentation was received from any of Respondent's representatives as to why I had been banned from their facilities.

5. I believe that there have been other, similarly situated, non-Buddhist individuals, who have sought to enter Respondent's premises and enjoy their use, and they were not banned from Respondent's facilities as I have been.

VI. A. ISSUE/BASIS

DENIED THE FULL AND EQUAL ENJOYMENT OF RESPONDENT'S FACILITIES, ON OR ABOUT JANUARY 4, 2008, AND AGAIN ON JANUARY 16, 2008, IN RETALIATION FOR COMPLAINING ABOUT DISCRIMINATION.

B. PRIMA FACIE ALLEGATIONS

1. On or about December 21, 2007, I engaged in a protected activity when I complained to Danielle Kerry, Respondent's Human Resources Representative, that I was experiencing discriminatory actions within Respondent's English Department.

2. Respondent is defined as a place of public accommodation under Section 5-101(A) of the Human Rights Act.

(Continued)

3. On or about January 4, 2008 and again on January 16, 2008, I was denied the full and equal enjoyment of accessibility to two of Respondent's facilities, the Central Offices for the City Colleges of Chicago and the Harold Washington College. During this period of time, on or about January 4, 2008, I sought to enter the Harold Washington College to retrieve personal items which were left there in December of 2007. Upon entering the facility, I was escorted from the premises by David Rozell, Respondent's Security Officer. Rozell stated that I had been banned from the facility, but failed to give me any documents acknowledging why.

4. On or about January 16, 2008, I again sought access to Respondent's Central Office facility to find out why I was being banned from Respondent's facility, but I was again turned away by Officer Lee (first name unknown), Respondent's Security Officer. Lee also stated that I was being banned from Respondent's facility, yet no reason or documentation was received from any of Respondent's representatives as to why I had been banned from their facilities.

5. Respondent's actions have followed my protected activity within such a period of time as to raise an inference of retaliatory motivation.

ACF/JJT/RCG

I, Lisa J. Gillard, on oath or affirmation state that I am the Complainant herein, that I have read the foregoing charge and know the contents thereof, and that the same is true and correct to the best of my knowledge.

[signature] 03-28-08
Complainant's Signature/Date

Subscribed and Sworn to

Before me this 28 day

of March, 2008.

[signature]
Notary Public Signature

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 9/21/09

Notary Seal




February 28, 2008

Ms. Lisa Gillard
P.O. Box 805993
Chicago, Illinois 60680-4121

RE: Completion of Racial, Religious, Gender and Sexual Orientation Complaint Investigation

Dear Ms. Gillard:

This is to inform you that the investigation of your complaint was completed on February 20, 2008. A letter was previously sent to you at the address that was on file for you. The allegations of your complaint were not sustained, i.e., a violation of City Colleges of Chicago policy was not found.

Please be further advised that under City Colleges of Chicago policy, "retaliation against and/or intimidation of employees, students, program participants, witnesses or any other persons who make complaints or who cooperate in EEO investigations is strictly prohibited." In the event you feel any retaliatory action has been taken against you as a result of filing your complaint, contact my office immediately.

If you have any questions, please contact me at (312) 553-2639.

Sincerely,

Danielle A. Kerry
Senior Attorney – Human Resources

cc: Xiomara Cortés Metcalfe, Vice Chancellor of Human Resources
James M. Reilly, General Counsel
John Wozniak, President, Harold Washington College